No. 23-70127

In re: STATE OF OREGON
-----------
STATE OF OREGON,
*Petitioner,*
v.
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF OREGON, EUGENE,
*Respondent.*

On Petition for Panel Rehearing or Rehearing en Banc

**BRIEF FOR THE STATE OF UTAH AND 42 OTHER STATES AS
*AMICI CURIAE* IN SUPPORT OF PETITIONER**

MELISSA A. HOLYOAK*
Utah Solicitor General
STANFORD E. PURSER
Deputy Solicitor General
J. CLIFFORD PETERSEN
Assistant Solicitor General
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
melissaholyoak@agutah.gov
*Counsel of Record

*Counsel for* Amici *States*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ii

STATEMENT OF INTEREST OF AMICI CURIAE ................................1

INTRODUCTION...................................................................................1

SUMMARY OF THE ARGUMENT ........................................................3

ARGUMENT ..........................................................................................4

    A.    This Court should correct the panel's decision that effectively excised the bad faith requirement from the extraordinary circumstances test.................................5

    B.    The panel wrongly punted for direct appeal whether the essentiality requirement was satisfied—preventing Governor Brown from challenging the deposition order until after her deposition..........................................................8

    C.    Whether plaintiffs met the discovery exhaustion requirement of the extraordinary circumstances test here is a legal question that the panel also failed to address...........12

CONCLUSION .....................................................................................14

ADDITIONAL COUNSEL ....................................................................15

CERTIFICATE OF COMPLIANCE......................................................18

CERTIFICATE OF SERVICE...............................................................19

# TABLE OF AUTHORITIES

## Federal Cases

*Admiral Ins. Co. v. U.S. Dist. Ct. for the Dist. of Ariz.*,
  881 F.2d 1486 (9th Cir. 1989).............................................................. 10

*Bogan v. City of Bos.*,
  489 F.3d 417 (1st Cir. 2007) ................................................................ 12

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
  401 U.S. 402 (1971)................................................................................ 5

*Franklin Sav. Ass'n v. Ryan*,
  922 F.2d 209 (4th Cir. 1991)................................................................. 7

*In re Cheney*,
  544 F.3d 311 (D.C. Cir. 2008) .............................................................. 8

*In re F.D.I.C.*,
  58 F.3d 1055 (5th Cir. 1995)...................................................... 7, 9, 11

*In re McCarthy*,
  636 F. App'x 142 (4th Cir. 2015) .......................................................... 9

*In re Off. of the Utah Att'y Gen.*,
  56 F.4th 1254 (10th Cir. 2022) ............................................................. 9

*In re S.E.C. ex rel. Glotzer*,
  374 F.3d 184 (2d Cir. 2004) ................................................................ 11

*In re U.S. Dep't of Educ.*,
  25 F.4th 692 (9th Cir. 2022) ....................................................... passim

*In re United States*,
  197 F.3d 310 (8th Cir. 1999)............................................................. 7, 9

*In re United States*,
  985 F.2d 510 (11th Cir. 1993).............................................................. 9

## State Cases

*Alberto v. Toyota Motor Corp.*,
  796 N.W.2d 490 (Mich. Ct. App. 2010)................................................. 1

## Federal Statutes

28 U.S.C. § 1292(a) ................................................................................ 10

28 U.S.C. § 1292(b) ............................................................... 10

**Federal Rules**

Fed. R. Civ. P. 54(b) ............................................................. 10

## STATEMENT OF INTEREST OF AMICI CURIAE

*Amici* States have an interest in protecting their senior officials from unnecessary and burdensome depositions. "Courts have reasoned that giving depositions on a regular basis would impede high-ranking governmental officials in the performance of their duties, and thus contravene the public interest." *Alberto v. Toyota Motor Corp.*, 796 N.W.2d 490, 493 (Mich. Ct. App. 2010). This proceeding asks the Court to correct the panel's departure from this Court's precedent setting forth the standard federal courts apply when deciding whether to order the deposition of a high-ranking official and therefore implicates *Amici* States' common interest.[1]

## INTRODUCTION

High-ranking government officials should rarely be subject to deposition. Unnecessarily requiring busy officials to prepare for and attend depositions takes them away from their duties and hurts the public they serve. That is why state and federal courts around the country have applied an exacting standard when deciding whether to

---

[1] No counsel for any party authored this brief, in whole or in part, and no person or entity other than *Amici* contributed monetarily to its preparation or submission.

compel a high-ranking official to be deposed. This Court has applied that exacting standard in holding that a district court can order the deposition of a high-ranking government official only if "extraordinary circumstances" so warrant. *See In re U.S. Dep't of Educ.*, 25 F.4th 692, 695 (9th Cir. 2022). But the panel's decision is a chasmic departure from this Court's precedent and that of sister circuits.

Under the exacting "extraordinary circumstances" standard, the party seeking the deposition of a high-ranking government official must make a "*showing* of agency bad faith." *Id.* at 702 (emphasis added). But the panel's decision here departed from the exacting standard by allowing a *mere allegation* to satisfy the bad faith requirement. Op. 3-4. This turns the "extraordinary circumstances" standard on its head, allowing a party to depose a high-ranking government official simply by making a bare allegation of bad faith, without actually making the required showing of bad faith. By holding that a bare allegation was sufficient, the panel effectively eliminated the bad faith prong altogether from the "extraordinary circumstances" standard. This Court should reverse the panel's decision and conclude that the district court abused

its discretion in ordering the deposition without an actual showing of bad faith.

Likewise, the panel's erroneous disposition of the second and third prongs of the extraordinary circumstances test further weakens the test and makes it significantly more likely that government officials will not be protected from unnecessary depositions. Rather than deciding whether plaintiffs had shown that the information they sought in the deposition was absolutely essential to their case, the panel concluded that any errors would be correctable on appeal. This is patently wrong. A writ is Governor Brown's only adequate remedy. And the panel wrongly deferred to the district court's decision not to require plaintiffs to exhaust other discovery means.

## SUMMARY OF THE ARGUMENT

The panel erred in relieving plaintiffs of making the required showing of bad faith. Plaintiffs were instead allowed to rely on a mere allegation of bad faith. This effectively eliminates altogether the first prong of the extraordinary circumstances test. And it is in conflict with this Court's decision in *U.S. Department of Education* and creates a circuit split with the Fourth, Fifth, and Eighth Circuits.

The panel further erred in its disposition of the essentiality component of the extraordinary circumstances test, wrongly concluding that the issue could be resolved on direct appeal. The exact opposite is true. A writ is Governor Brown's only remedy in these circumstances. The panel's decision effectively relieves plaintiffs from the essentiality requirement of the extraordinary circumstances test.

And the panel erred in mischaracterizing the exhaustion requirement as a factual matter to which it would defer to the district court. There was no dispute of fact that plaintiffs failed to explore less intrusive means of discovery. This is a purely legal issue that should have been addressed by the panel—and resolved in Governor Brown's favor.

## ARGUMENT

Important separation of powers issues are implicated when a court orders the deposition of a high-ranking official in the executive branch. Because of this, this Court has held that a party seeking such a deposition must show "extraordinary circumstances sufficient to justify the taking of" the deposition. *U.S. Dep't of Educ.*, 25 F.4th at 702. Extraordinary circumstances are shown only when the party demonstrates: (1) "a showing of agency bad faith"; (2) "the information sought . . . is essential

to the case"; and (3) "the information sought . . . cannot be obtained in any other way." *Id*. All three factors of this test must be satisfied before a court may order the deposition. *Id*. As set forth below, the panel's decision allows the deposition to proceed even though plaintiffs have failed to satisfy *any* of the three prongs of the extraordinary circumstances test. This Court should grant rehearing and reverse the panel's decision.

A.    **This Court should correct the panel's decision that effectively excised the bad faith requirement from the extraordinary circumstances test.**

The first prong of the extraordinary circumstances test – a "showing of bad faith" – is a "threshold issue." *Id*. This Court explained that the bad faith requirement "comes to us from the Supreme Court's guidance." *Id*. In keeping with separation of powers principles, "there must be a *strong* showing of bad faith or improper behavior" before judicial scrutiny into "the mental processes" of an official from another branch of government is justified. *Id*. at 703 (emphasis added) (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

But the panel here effectively dispensed with the bad faith requirement altogether by accepting a mere allegation of bad faith. Op.

3-4. The plaintiffs below did not make a *strong* showing of bad faith. They made no showing of bad faith at all. They relied on a bare allegation. And the panel incorrectly accepted that as sufficient. This is a drastic departure from this Court's decision in *U.S. Department of Education*. There the district court had expressly made a finding of bad faith, and this Court had "no reason to question" that finding. *Id.* at 703. That finding was sufficient to meet the required "strong" showing of bad faith.

But a mere allegation of bad faith is a different matter altogether, and the panel erred by accepting it in lieu of a strong showing of bad faith. This turns the "extraordinary circumstances" standard on its head, allowing a party to pass the bad faith threshold without actually making a showing of bad faith. By concluding that a bare allegation is now sufficient, the panel effectively eliminated the bad faith prong altogether from the extraordinary circumstances standard. This Court should grant rehearing and correct the panel's improper removal of the bad faith prong from the analysis.

Not only does the panel's decision depart from *Department of Education*'s bad faith requirement, but it splits with the decisions of three other circuits. As the panel dissent correctly noted, the panel's

decision conflicts with the Fifth and Eighth Circuits. *See* Dissenting Op. 5 n.3 (citing *In re F.D.I.C.*, 58 F.3d 1055, 1062 (5th Cir. 1995); *In re United States*, 197 F.3d 310, 314 (8th Cir. 1999)). Additionally, as Oregon notes in its petition for rehearing, the panel's decision also departs from a decision from the Fourth Circuit. *See* Pet. 9 (citing *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991)). The Fourth Circuit requires a "clear showing of misconduct or wrongdoing." *Franklin*, 922 F.2d at 211. The Eight Circuit requires "compelling evidence of improper behavior" and expressly rejects mere allegations as "insufficient." *In re United States*, 197 F.3d at 314. And the Fifth Circuit requires a "strong showing of bad faith or improper behavior." *In re F.D.I.C.*, 58 F.3d at 1062. In contrast, the panel's reasoning would allow a plaintiff to secure a deposition of a high-ranking official without any showing of bad faith because a mere allegation is enough. This Court should grant rehearing and reverse the panel's decision to secure and maintain uniformity with decisions from sister courts and to avoid undermining this Court's precedent.

**B. The panel wrongly punted for direct appeal whether the essentiality requirement was satisfied—preventing Governor Brown from challenging the deposition order until after her deposition.**

The second prong of the extraordinary circumstances test requires that the information sought in the deposition be "essential to the case." *U.S. Dep't of Educ.*, 25 F.4th at 703. Where the information is "not absolutely needed for a case, we cannot allow a deposition to disrupt the normal governmental balance of powers." *Id*. And mandamus is the proper remedy for the type of deposition here because, as this Court has noted, "the harm is not correctable on appeal." *Id*. at 705. As the panel dissent noted, "once Governor Brown is deposed, the harm that her mandamus petition seeks to prevent cannot be undone." Dissenting Op. 6.

A number of circuit courts have used mandamus in the precise situation here—to reverse discovery orders requiring the deposition of high-ranking government officials. For example, the D.C. Circuit issued a writ of mandamus to prevent the deposition of the Vice President's Chief of Staff. *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008). The Fifth Circuit issued a writ to stop the deposition of three members of the FDIC

Board of Directors. *In re F.D.I.C.*, 58 F.3d at 1057. The Tenth Circuit issued a writ to stop the deposition of the Utah Attorney General where the party seeking the deposition failed to show that the deposition was "essential" to its case and that the information could not be obtained via less burdensome means. *In re Off. of the Utah Att'y Gen.*, 56 F.4th 1254, 1264 (10th Cir. 2022). And the Eleventh Circuit used mandamus to prevent the 30-minute telephone deposition of the FDA Commissioner. *In re United States*, 985 F.2d 510, 513 (11th Cir. 1993). Other circuits, including this Court, have followed suit. *See U.S. Dep't of Educ.*, 25 F.4th at 706 (issuing writ of mandamus to prevent deposition of former Secretary of Education); *In re McCarthy*, 636 F. App'x 142, 145 (4th Cir. 2015) (unpublished) (granting mandamus petition to prevent deposition of EPA Administrator); *In re United States*, 197 F.3d at 316 (issuing writ of mandamus to stop subpoenas compelling testimony of Attorney General and Deputy Attorney General).

But the panel didn't address whether the information sought in the deposition was essential to the case. Instead, it decided that matter can be resolved later on *direct appeal*. This approach ignores the harm to Governor Brown in having to unnecessarily sit for a deposition where the

requesting party has failed to show extraordinary circumstances to justify the deposition.

Mandamus is Governor Brown's only adequate means of securing relief. None of the avenues for interlocutory appeal are available for this issue. *See* 28 U.S.C. § 1292(a) (allowing interlocutory appeals from orders involving injunctions, receivers, and admiralty); *id.* § 1292(b) (granting circuit courts discretion to allow interlocutory appeal if the district court certifies that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation"); *Admiral Ins. Co. v. U.S. Dist. Ct. for the Dist. of Ariz.*, 881 F.2d 1486, 1490 (9th Cir. 1989) (noting discovery orders are generally not appealable under the collateral order doctrine); Fed. R. Civ. P. 54(b) (allowing district courts to enter final judgment on fewer than all claims if "there is no just reason for delay").

Further, it would be impractical and inappropriate for Governor Brown to defy the order, be found in contempt, and then appeal the contempt order. As this Court noted, "[o]n the adequacy of other relief, courts have routinely found that, in cases involving high-level

government officials, there are no other means of relief beyond mandamus because to disobey the subpoena, face contempt charges, and then appeal would not be appropriate for a high-ranking government official." *U.S. Dep't of Educ.*, 25 F.4th at 705. In fact, requiring a government official to do so "raises the prospect of 'serious repercussions for the relationship between two coequal branches of government.'" *In re S.E.C. ex rel. Glotzer*, 374 F.3d 184, 188 (2d Cir. 2004) (quoting *In re F.D.I.C.*, 58 F.3d at 1060 n.7).

The only other alternative, a direct appeal after final judgment, is inadequate. By then, the issue would be moot because Governor Brown will have already shouldered the burden of the deposition. Governor Brown will unnecessarily sit for a deposition in a case in which the requesting party failed to make the required showing of bad faith, failed to show the information was essential to its case, and failed to show that the information was not available from other sources. The only adequate review is now, before Governor Brown is unnecessarily deposed.

Indeed, direct appeal after judgment of orders requiring depositions of high-ranking officials would almost always be moot. That's why the issue has been presented to the appellate courts either via petition for

mandamus by the government official, *see, e.g., U.S. Dep't of Educ.,* 25 F.4th at 695, or on direct appeal by the requesting party when the deposition has been denied, *see, e.g., Bogan v. City of Bos.*, 489 F.3d 417, 424 (1st Cir. 2007) (affirming denial of deposition of Mayor). Significantly, unless this Court grants rehearing to undo the damage done to the extraordinary circumstances test, all other high-ranking officials facing a forced deposition in any current or future case where the requesting party cannot make the required extraordinary circumstances showing under *U.S. Department of Education* could find themselves in the same predicament—deciding whether to seek mandamus or bear the burden of the deposition.

With no viable direct or interlocutory appeal options to address this issue, the panel erred in declining to grant the writ now. This Court should grant the writ now and reverse the panel's significant revisions to the extraordinary circumstances test.

### C. Whether plaintiffs met the discovery exhaustion requirement of the extraordinary circumstances test here is a legal question that the panel also failed to address.

The third prong of the extraordinary circumstances test requires that a party requesting a deposition exhaust all other reasonable

discovery options. This Court stated that courts "cannot intrude into the workings of the executive branch and the time of that branch's leaders if there is another way to obtain the necessary information." *U.S. Dep't of Educ.*, 25 F.4th at 704. This Court expressly "endorse[d] the reasoning of our sister circuits" requiring the requesting party to establish that the deponent possesses information "not obtainable from another source." *Id.*

Rather than scrutinizing the district court's analysis of this prong, the panel deferred to the district court, ostensibly because the issue was a factual one, not a legal one. Op. 5. But, as the dissent noted, there is no factual dispute that the plaintiffs "never issued interrogatories on the . . . decisions on which they now seek to depose Governor Brown." Dissenting Op. 8. "Nor did they seek to depose the person who served as [Governor Brown's] chief of staff during at least some, if not most, of the relevant time." *Id.* Before taking the "drastic step of compelling the Governor's deposition," the dissent observed, the district court "should have required Plaintiffs to first exhaust these steps." *Id.* at 8-9.

Because there are no factual disputes, the panel erred in mischaracterizing the issue as factual one for which it would defer to the district court. As with the first and second prongs, the panel's disposition

of this prong further weakens the extraordinary circumstances test and further justifies this Court's grant of rehearing.

## CONCLUSION

For the foregoing reasons, this Court should grant panel rehearing or rehearing en banc.

Respectfully submitted,

  /s Melissa A. Holyoak
MELISSA A. HOLYOAK*
Utah Solicitor General
STANFORD E. PURSER
Deputy Solicitor General
J. CLIFFORD PETERSEN
Assistant Solicitor General
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
melissaholyoak@agutah.gov
*Counsel of Record

*Counsel for* Amici *States*

# ADDITIONAL COUNSEL

## *Counsel for* Amici *States*

STEVE MARSHALL
Attorney General
State of Alabama

TREG R. TAYLOR
Attorney General
State of Alaska

KRIS MAYES
Attorney General
State of Arizona

TIM GRIFFIN
Attorney General
State of Arkansas

ROB BONTA
ATTORNEY GENERAL
STATE OF CALIFORNIA

PHILIP J. WEISER
Attorney General
State of Colorado

WILLIAM TONG
Attorney General
State of Connecticut

KATHLEEN JENNINGS
Attorney General
State of Delaware

BRIAN L. SCHWALB
Attorney General
District of Columbia

ASHLEY MOODY
Attorney General
State of Florida

CHRISTOPHER M. CARR
Attorney General
State of Georgia

ANNE E. LOPEZ
Attorney General
State of Hawai'i

RAÚL LABRADOR
Attorney General
State of Idaho

KWAME RAOUL
Attorney General
State of Illinois

THEODORE E. ROKITA
Attorney General
State of Indiana

BRENNA BIRD
Attorney General
State of Iowa

KRIS KOBACH
Attorney General
State of Kansas

AARON M. FREY
Attorney General
State of Maine

ANDREA JOY CAMPBELL
Attorney General
Commonwealth of Massachusetts

KEITH ELLISON
Attorney General
State of Minnesota

ANDREW BAILEY
Attorney General
State of Missouri

MICHAEL T. HILGERS
Attorney General
State of Nebraska

JOHN M. FORMELLA
Attorney General
State of New Hampshire

RAÚL TORREZ
Attorney General
State of New Mexico

EDWARD E. MANIBUSAN
Attorney General
Northern Mariana Islands

LIZ MURRILL
Attorney General
State of Louisiana

ANTHONY G. BROWN
Attorney General
State of Maryland

DANA NESSEL
Attorney General
State of Michigan

LYNN FITCH
Attorney General
State of Mississippi

AUSTIN KNUDSEN
Attorney General
State of Montana

AARON D. FORD
Attorney General
State of Nevada

MATTHEW J. PLATKIN
Attorney General
State of New Jersey

LETITIA A. JAMES
Attorney General
State of New York

DAVE YOST
Attorney General
State of Ohio

GENTNER F. DRUMMOND
Attorney General
State of Oklahoma

MARTY J. JACKLEY
Attorney General
State of South Dakota

KEN PAXTON
Attorney General
State of Texas

BOB FERGUSON
Attorney General
State of Washington

ALAN WILSON
Attorney General
State of South Carolina

JONATHAN SKRMETTI
Attorney General
State of Tennessee

JASON S. MIYARES
Attorney General
State of Virginia

PATRICK MORRISEY
Attorney General
State of West Virginia

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 29(a)(5) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,640 words.

Dated: March 4, 2024

/s/ Melissa A. Holyoak

MELISSA A. HOLYOAK
Utah Solicitor General

**CERTIFICATE OF SERVICE**

I certify that on March 4, 2024, I caused service of the forgoing brief to be made by electronic filing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all parties with an email address of record, who have appeared and consent to electronic service in this action.

Dated: March 4, 2024

*/s/ Melissa A. Holyoak*
MELISSA A. HOLYOAK
Utah Solicitor General