ELLEN F. ROSENBLUM  
Attorney General

LISA M. UDLAND  
Deputy Attorney General

**DEPARTMENT OF JUSTICE**
APPELLATE DIVISION

April 12, 2024

Molly C. Dwyer
Clerk of the Court
The James Browning Courthouse
95 7th Street
San Francisco, CA 94103
(By electronic filing)

> RE: *In re: State of Oregon, et al.,* **Case No. 23-70127**
> Petitioner's Letter Under Federal Rule of Appellate Procedure 28(j)

Dear Ms. Dwyer:

The State of Oregon files this letter to alert the Court of legal developments in the underlying litigation. The district court issued its decision on the parties' cross motions for summary judgment. Op. & Order, ECF 635, No. 6:20-cv-570-SB (Apr. 10, 2024) (filed under seal). In doing so, the district court eviscerated the sole theory on which plaintiffs had sought, and the district court had ordered, the former Governor's deposition.

This Court requires that a party establish three distinct elements to justify the "extraordinary" remedy of a high-ranking, executive-branch deposition: "(1) a showing of agency bad faith; (2) the information sought from the [official] is essential to the case; and (3) the information sought from the [official] cannot be obtained in any other way." *In re U.S. Dep't of Educ.*, 25 F.4th 692, 702 (9th Cir. 2022). As pertinent here, relevance alone is not enough: "If the information is not absolutely needed for a case," courts should not "allow a deposition to disrupt the normal governmental balance of powers." *Id.* at 703 (citing cases).

Here, plaintiffs sought to depose the former Governor on her clemency and facility-closure decision-making during the COVID-19 pandemic, arguing that the sought-after information was both central and essential to their Eighth Amendment claim against her. (Add-249). The district court ordered the deposition, reasoning that "Governor Brown remains a named defendant in this class action." (Add-14). However, the district court just granted the former Governor summary judgment on all remaining claims against her. ECF 635 at 24. Specifically, the court ruled

that she is entitled to quasi-judicial immunity on her clemency decision-making, and to legislative immunity on her prison-facility decision-making. *Id.* at 13–24.

The panel's opinion warrants rehearing for the reasons discussed in the state's rehearing petition. Moreover, it is now even more clear that the sought-after information is not essential to plaintiffs' case. The former Governor is no longer a party to the litigation, and plaintiffs seek to depose her on topics for which she enjoys absolute immunity.

Respectfully submitted,

ELLEN F. ROSENBLUM #753239
Attorney General
BENJAMIN GUTMAN #160599
Solicitor General

/s/ Robert A. Koch
─────────────────────────
ROBERT A. KOCH #072004
Assistant Attorney General
robert.a.koch@doj.state.or.us

Attorneys for Petitioner State of Oregon

# CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Robert A. Koch
_____
ROBERT A. KOCH #072004
Assistant Attorney General
robert.a.koch@doj.state.or.us

Attorney for Petitioner State of Oregon